[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10027
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cr-00133-BAE-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFERY STEPHEN BARNES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(July 2, 2014)

Before PRYOR, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Jeffery Barnes appeals his 42-month sentence for distribution of cocaine

hydrochloride.  After review of the record and the parties' briefs, we affirm.

# I

Because we write for the parties, we assume familiarity with the underlying facts of the case and recite only what is necessary to resolve this appeal.

Following three cocaine sales transactions with undercover agents of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, Mr. Barnes was charged with and ultimately pled guilty to distribution of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1).  Mr. Barnes acknowledges that the pre-sentence investigation report correctly assigned to him a criminal history category of III and a total offense level of 12, which carried with it an advisory guidelines range of 15 to 21 months' imprisonment.  The report's criminal history classification took into account prior convictions for sale of crack cocaine and possession of a firearm by a convicted felon, but did not reflect five older convictions, including those for possession of marijuana and distribution of cocaine.  Observing that, among other things, Mr. Barnes' criminal history classification understated the seriousness of his criminal record, and his conviction for distribution of cocaine would have qualified him as a career offender, the probation officer who prepared the report recommended a sentence of 60 months' imprisonment.

At sentencing, the district court expressed concern that Mr. Barnes' criminal history classification did not adequately reflect the extent of his criminal record,

and that the prior sentences had done little to deter Mr. Barnes from engaging in criminal conduct. Observing that "during the majority of [his] adult life he has remained incarcerated or on some form of supervision," and that he "narrowly escape[d] being termed a career offender" with an advisory guidelines range of 151 to 188 months' imprisonment, the district court imposed a sentence of 42 months' imprisonment followed by five years' supervised release.

On appeal, Mr. Barnes argues that his sentence is substantively unreasonable because his advisory guidelines calculation adequately took into account his criminal history, and because the district court disregarded or gave too little weight to the fact that he promptly accepted responsibility, the fact that his crime was devoid of facts which would have resulted in enhancements under the Sentencing Guidelines, and the fact that the government conceded that he was non-violent.

## II

We review the substantive reasonableness of a sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). This standard applies "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range." *Id.* Even if the district court's sentence is more severe or more lenient than the sentence we would have imposed, we will only reverse if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [18 U.S.C.] § 3553(a) factors by arriving at a

sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)). "In reviewing the reasonableness of a sentence, we must, as the Supreme Court has instructed us, consider the totality of the facts and circumstances." *Id.* at 1189.

## III

Mr. Barnes principally challenges the substantive reasonableness of his sentence on the grounds that his advisory guidelines range sufficiently reflected his criminal history, and that the district court abused its discretion by not taking into account his early acceptance of responsibility, his nonviolent nature, and the lack of enhancements applicable to his crime. We are not persuaded.

Contrary to Mr. Barnes' argument, the district court is not limited to considering conduct used to calculate a defendant's advisory guidelines range in deciding whether to impose a sentence based on a variance. Indeed, 18 U.S.C. § 3553(a) requires the district court to take into account the defendant's "history and characteristics," which implicitly encompasses criminal history not already accounted for in the advisory guidelines calculations. *See also United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010) (holding that a district court need not impose an enhancement before granting a variance). The district court

4

therefore permissibly considered crimes that were not taken into account in determining Mr. Barnes' advisory guidelines range.

Nor did the district court's purported failure to take into account Mr. Barnes' mitigating factors render its sentence substantively unreasonable. The fact that the district court did not explicitly reference these factors on the record in imposing its sentence does not indicate that it "erroneously 'ignored' or failed to consider this evidence in determining [Mr. Barnes'] sentence." *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007). Mr. Barnes' sentence falls well below the 60 months' imprisonment recommended by the probation officer, and is likewise 198 months below the 240-month statutory maximum, strongly suggesting that the district court did consider mitigating evidence in arriving at its sentence. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (citing the fact that sentence fell below statutory maximum as an indicator that sentence was reasonable).

Under the totality of the circumstances, we cannot say that the district court committed a clear error of judgment and imposed a sentence outside the range of reasonable sentences.

## IV

Mr. Barnes' 42-month sentence is affirmed.

**AFFIRMED**.